CARSEY, APPELLANT, *v.* CITY OF MANSFIELD, APPELLEE.

(No. 1204—Decided January 3, 1973.)

*Messrs. Weldon, Huston & Keyser,* for appellant.

*Mr. Robert K. Rath,* city solicitor, and *Mr. William F. Gandert,* for appellee.

PUTMAN, J. James Carsey complains that he was convicted in 1972 of violating a 1954 city of Mansfield zoning ordinance which had been repealed by a 1971 Mansfield zoning ordinance.

In an earlier prosecution for the violation of the 1971 ordinance, he won an acquittal by persuading the same municipal judge that the 1971 ordinance had never been legally enacted.

We hold that an objection to the validity of an ordinance upon which a prosecution is based is waived unless it is made by a pre-trial motion to dismiss. This was not done in either case.

Thus, we affirm the conviction of the violation of the 1954 ordinance and point out that the acquittal of the

charge of violating the 1971 ordinance did not determine the question of the validity of either ordinance.

We also hold that double jeopardy is not involved because different days and different ordinances were alleged in each case.

This is an appeal from a conviction in the Mansfield Municipal Court for the violation of the misdemeanor provisions of municipal zoning ordinance No. 54-388, enacted in 1954. We affirm it.

It represents the second attempt to prosecute the defendant, the appellant (hereafter referred to as Carsey), for the violation of a Mansfield municipal zoning ordinance.

Carsey moved a mobile home onto his property in Mansfield in January 1972. At that time the city filed an affidavit alleging that Carsey was violating its 1971 zoning ordinance No. 71-320 by "parking a mobile home on January 10, 1972," on prohibited premises. That was not the case at bar.

The ordinance under which that affidavit was brought was a new zoning ordinance adopted December 7, 1971, which by its express terms repealed ordinance 54-388 together with all its supplements (the ordinance upon which the judgment now on appeal is based).

Carsey entered a plea of "not guilty" to the charge of violating ordinance 71-320 and that case went to trial on the merits on February 18, 1972. The municipal court rendered its opinion in that case on March 9, 1972, which found that the zoning ordinance passed in December, 1971, was void because it was never legally enacted (for the reasons set forth in its opinion) and the defendant was found "not guilty" for that sole reason.

Subsequent thereto, on March 15, 1972, the city of Mansfield filed a second affidavit against Carsey alleging that he was in violation of zoning ordinance No. 54-388 passed in 1954, in that he had used the subject premises contrary to the ordinance on March 9, 1972, "by having thereon a mobile home (trailer)."

Carsey filed a written plea of former jeopardy pursuant to R. C. 2937.06, but no motion to dismiss under R. C. 2937.04. The municipal court on May 9, 1972, heard the evi-

dence with respect to former jeopardy and found that there was no former jeopardy. On June 8, 1972, the municipal court after hearing all the evidence on the merits found Carsey guilty of violating the 1954 ordinance, at which time he was fined $25 and costs with the fine and costs suspended upon the condition that no similar violation for a period of one year occur.

It is from this judgment and the decision of the court with respect to former jeopardy that is the basis of this appeal, upon questions of law.

There are two assignments of error, as follows:

1. The Mansfield Municipal Court erred to the prejudice of the defendant in overruling the defense of former jeopardy.

2. The decision of the Mansfield Municipal Court is contrary to law.

We overrule both assignments of error and affirm the conviction.

Section 10, Article I of the Ohio Constitution provides, in part, as follows:

"No person shall be twice put in jeopardy for the same offense."

R. C. 2943.08 provides:

"Whenever a defendant is acquitted on the merits, he is acquitted of the same offense, notwithstanding any defect in form or substance in the indictment or information on which the trial was had."

Where there are two separate allegations of zoning law violations, each under a different ordinance and each on separate days, neither involves jeopardy of the other. Neither prosecution is barred by the acquittal of the other. They are not, in law or fact, the same offense.

The second assignment of error attacks the validity of zoning ordinance No. 54-388 and claims that it was repealed by ordinance 71-320. We hold this objection to be one which "could have been taken advantage of by motion pursuant to Section 2937.04 of the Revised Code," and was waived by the entry of either the plea of "once in jeopardy" or "not guilty." See R. C. 2937.06.

Both pleas were entered here but no motion to dismiss

was made. Hence, the second assignment of error is not well taken and is overruled.

Because of the public interest in the question of zoning ordinances and because of the fact that a trial court has the power to enter a binding unappealable acquittal, in spite of a clear showing of guilt, some additional comment is warranted by this record.

In this appeal, we have been furnished a transcript of proceedings which includes a record of the evidence taken in the hearing of the case on appeal in which Carsey was convicted of violating ordinance 54-388.

Both the prosecution and defense agreed by stipulation that Mansfield zoning ordinance No. 71-320 would be admitted into evidence.

That ordinance (71-320) contains section 13.1, which reads in pertinent part as follows:

"Section 13.1 Repealer.

"Ordinance No. 54-388, adopted by the City of Mansfield and all supplements and amendments thereto, are hereby repealed * * * ."

The copy of the ordinance (71-320) recites that it was passed December 7, 1971, and became immediately effective.

The municipal judge then (apparently under the erroneous belief that it had evidentiary value) induced the parties to agree to a stipulation, as follows:

"The Court: Will the parties stipulate that March 9, 1972 the court did find it—71-320 to be invalid and that the judgment has not been appealed?"

Apparently, the trial court held the erroneous view that an acquittal in a criminal case could be appealed by the prosecution and, also, the erroneous view that a judgment of acquittal in a municipal court of a zoning violation was binding upon the city or another court upon the issue of the validity of the zoning ordinance in another proceeding.

The municipal court reasoned that ordinance 54-388 passed in 1954 was still effective because he had previously declared void the provisions of ordinance 71-320 which repealed ordinance 54-388.

Thus, the trial court expressed an opinion upon an issue not before him, namely, the validity of ordinance No. 54-388, upon which the prosecution was based.

We affirm this conviction without passing upon the validity of the ordinance by holding that the accused waived his objections to such validity.

An acquittal of an accused after a trial of an alleged city zoning ordinance violation cannot bind the city upon the legal question of the validity of the ordinance.

The question of the effect of a pre-trial dismissal of charges when such dismissal is not appealed by the city (as it may be) is not presented by this record.

The validity of a municipal zoning ordinance is not in issue, is not litigated, and cannot be decided upon the trial of a plea of not guilty to an affidavit alleging the violation of such ordinance. This is true because of the express language of statutes governing misdemeanor practice in Ohio.

See R. C. 2937.04 through 2937.06, inclusive:

R. C. 2937.04, Motion for dismissal.

"If accused does not desire counsel or, having engaged counsel, appears at the end of granted continuance, he may then raise, by motion to dismiss the affidavit or complaint, any exception thereto which could be asserted against an indictment or information by motion to quash, plea in abatement, or demurrer. Such motion may be made orally and ruled upon by the court or magistrate at the time of presentation, with minute of motion and ruling made in the journal (if a court of record) or on the docket (if a court not of record) or such motion may be presented in writing and set down for argument at later time. Where the motion attacks a defect in the record by facts extrinsic thereto, proof may be offered by testimony or affidavit."

R. C. 2937.05. Discharge on motion to dismiss; amendment of complaint.

"If the motion pursuant to Section 2937.04 of the Revised Code be sustained, accused shall be discharged unless the court or magistrate finds that the defect can be corrected without changing the nature of the charge, in which case he may order the complaint amended or a prop-

er affidavit filed forthwith and require the accused to plead thereto. The discharge of accused upon the sustaining of a motion to dismiss shall not be considered a bar to further prosecution either of felony or misdemeanor."

R. C. 2937.06. Pleas.

"After all motions are disposed of or if no motion is presented, the court or magistrate shall require the accused to plead to the charge. In cases of felony only a plea of not guilty or a written plea of guilty shall be received and if defendant declines to plead, a plea of not guilty shall be entered for him and further proceedings had as set forth in Sections 2937.09 to 2937.12, inclusive, of the Revised Code.

"In cases of misdemeanor the following pleas may be received:

"(A) Guilty;

"(B) Not guilty;

"(C) No contest;

"(D) Once in jeopardy, which includes the defenses of former conviction or former acquittal.

"Entry of any plea pursuant to this section shall constitute a waiver of any objection which could be taken advantage of by motion pursuant to Section 2937.04 of the Revised Code."

We hold that an attack upon the validity of a municipal ordinance can "be taken advantage of by motion pursuant to Section 2937.04 of the Revised Code," and was waived by the plea of former jeopardy, entered pursuant to R. C. 2937.06.

The obvious reason for this particular requirement of the statute is to afford the prosecution a right to appeal questions of law which bar effective prosecution.

A prosecution under an invalid ordinance is to be terminated before and without trial. This benefits both parties. The accused is spared a trial. The city may appeal.

Carsey's former acquittal of a violation of ordinance 71-320 on the sole stated ground of its invalidity was patently in error. The claimed invalidity was waived by the plea of not guilty and was not before the court for decision.

.In no sense was the issue of the validity of the ordinance before the municipal court for decision when Carsey was formerly tried, and his erroneous acquittal on that charge has no legal effect aside from the narrow charge against him in that particular affidavit. The reference in the record of the trial court to the fact that the former acquittal was not appealed was improvident. There are no appeals from acquittals. The prosecution can never appeal an acquittal. *Euclid* v. *Heaton* (1968), 15 Ohio St. 2d 65, paragraph 4 of the syllabus. It can appeal a dismissal of an affidavit before trial. R. C. 2945.67 to 2945.70, inclusive.

The action of a municipal judge in acquitting an accused is binding upon the city as to that accused on that particular charge. But the fact that the acquittal was erroneously entered for the sole stated reason that the ordinance was invalid does not affect the validity of the ordinance in other cases.

We have no adequate means on this record to decide the actual legal status of either ordinance 71-320 or 54-388, and we do not decide whether either one is valid or presently effective. What we do decide is that in the case at bar, as in the former case, the accused has waived his objections to the validity of the ordinance by his failure to file a pre-trial motion to dismiss.

*Judgment affirmed.*

McLaughlin, J. (Retired. Assigned to active duty under authority of Section 6(C), Article IV, Constitution), concurs.

Rutherford, P. J., concurs in paragraph two of the syllabus and in the judgment of affirmance, but dissents from paragraph one of the syllabus insofar as it holds that the invalidity of a void municipal ordinance is waived by the entry of any plea made pursuant to R. C. 2937.06, so that the issue of the validity of the ordinance cannot thereafter be raised.

I concur in the affirmance because I cannot agree with

the reasoning defendant uses to back up his contention that the 1954 ordinance upon which the instant prosecution is founded should be declared void upon the record before us. It is defendant's contention that the 1971 ordinance is void because it was declared such in the prior action to which he was a party. He reasons, however, that by the purported enactment of the void ordinance which contained a provision repealing the 1954 ordinance, the 1954 ordinance was in fact repealed, and when the 1971 ordinance was adjudged void, such revocation of the clause repealing the 1954 ordinance did not have the effect of reinstating the 1954 ordinance. If the 1971 ordinance had been valid and had effected a repeal of the 1954 ordinance and later, the 1971 ordinance had been repealed by a still later ordinance, absent a provision for the reinstatement of the 1954 ordinance, such reasoning would be valid. However, when it is asserted by defendant and determined in a case in which defendant was a party that the 1971 ordinance was void, the effect of such logic is that the 1954 ordinance was never repealed in the first instance and there is no necessity for any provision of reinstatement. Thus, from the position taken and asserted by the defendant, it would be my finding that at no time has he provided evidence upon which to support his assertion that the 1954 ordinance is invalid; rather, the evidence which has been presented supports a finding of the validity of the 1954 ordinance, even though such ordinance might be found to be invalid if it were subjected to a different attack than that made by the defendant. Right or wrong, by his claim and stipulation that the only ordinance by which the 1954 ordinance may have been repealed was void, defendant has not made a successful attack upon the 1954 ordinance.

For the reasons stated in the majority opinion, defendant has not been in double jeopardy.